**Priscilla A. LEDBURY, Complainant–Appellant,**

v.

**DEPARTMENT OF HIGHER EDUCATION, UNIVERSITY OF COLORADO HEALTH SCIENCES CENTER, Respondent–Appellee,**

and

**Colorado State Personnel Board, Appellee.**

**No. 96CA2146.**

Colorado Court of Appeals, Div. III.

Dec. 26, 1997.

Rehearing Denied Jan. 29, 1998.

Certiorari Denied Sept. 21, 1998.

Vonda G. Hall, Denver, for Complainant–Appellant.

Daniel J. Wilkerson, Associate University Counsel and Special Assistant Attorney General, Denver, for Respondent–Appellee.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mary S. McClatchey, Assistant Attorney General, Denver, for Appellee.

Opinion by Chief Judge STERNBERG.

In this personnel action, complainant, Priscilla A. Ledbury, appeals from an order of the Colorado State Personnel Board (Board) dismissing her petition for lack of subject matter jurisdiction on the grounds that her petition for hearing was not timely filed. We vacate the Board's dismissal order and remand for further proceedings on complainant's petition.

In 1983, complainant entered into a settlement agreement with respondent, University of Colorado Health Sciences Center (UCHSC). That agreement provided, in relevant part, that complainant would "receive pay at the Researcher III level from [April 30, 1983] forward."

Complainant's position was later reclassified several times. After the most recent reclassification, complainant wrote a letter to eight UCHSC officials expressing her dissatisfaction with her current classification and level of pay. In this letter, complainant implied that UCHSC was not honoring the 1983 settlement agreement because it was no longer paying complainant at the Researcher III level.

UCHSC's Chancellor responded to complainant's letter in a letter dated February 14, 1996. The Chancellor stated that the 1983 settlement agreement did not provide a means for complainant to challenge her current job classification and pay level. The

Chancellor indicated that his "decision in this matter is final." It is undisputed that the Chancellor's letter was sent to complainant by regular mail.

On February 27, 1996, complainant filed a petition for hearing with the Board claiming that, from July 1995 to the present, UCHSC had not been honoring the 1983 settlement agreement.

The Administrative Law Judge (ALJ) found that complainant had received the Chancellor's final decision letter "on or before February 15, 1996," and determined that this was the "very latest date from which complainant's ten day period to file a petition for hearing could be construed to run...." The ALJ then concluded that, because complainant's petition was filed twelve days later on February 27, 1996, the petition was untimely and the Board lacked subject matter jurisdiction to consider it.

Complainant filed a petition for reconsideration in which she argued that her petition for hearing was timely under Department of Personnel Regulation 10–6–1(B)(1), 4 Code Colo. Reg. 801–1 (Regulation 10–6–1(B)(1)), which adds an additional three days to a filing period if the notice of action is served by mail and no certified return receipt is requested. The ALJ denied the petition for reconsideration without discussion.

Complainant then appealed to the Board which adopted the findings and conclusions of the ALJ and affirmed the order of dismissal. On appeal of this order, complainant contends that her petition was timely by virtue of the three-day extension of time allowed under Regulation 10–6–1(B)(1). We agree.

Complainant filed her petition pursuant to Department of Personnel Regulation 10–8–1(B)(6), 4 Code Colo. Reg. 801–1, which provides that failure to abide by the terms of a settlement agreement may give rise to a hearing pursuant to Department of Personnel Regulations 10–4–1 to 10–4–3, 4 Code Colo. Reg. 801–1. That article governs discretionary hearing procedures and provides, in pertinent part, that a petition for hearing "must be filed with, or postmarked to, the board within 10 calendar days after a complainant receives written notice of the action on which the petition is based." *See* Regulation 10–4–1(B).

Department of Personnel Regulation 10–6–1, 4 Code Colo. Reg. 801–1, governs the timely filing of appeals with the Board and provides, in relevant part, as follows:

(A) [A]n appeal is timely filed with the board if it is received in the offices of the board or is postmarked within 10 days after the receipt of notice of the action being appealed.... Any appeal not received or postmarked within the time limits shall be denied, except as provided in paragraph (B) below.

(B) *Grace Periods and Extensions for Filing Appeal.*

(1) *No Certified Mail Receipt.* If the notice of action was served by mail and no certified return receipt was requested, 3 days *shall* be added to the date of the notice for the purpose of an *initial determination of timeliness.* (emphasis added)

In construing an administrative regulation, we apply the same basic rules of construction as we would in the interpretation of a statute. Thus, we look first to the language of the rule and analyze the words and phrases according to their plain and ordinary meaning. *Regular Route Common Carrier Conference v. Public Utilities Commission,* 761 P.2d 737 (Colo.1988); *Williams v. Colorado Department of Corrections,* 926 P.2d 110 (Colo.App. 1996).

UCHSC argues that use of the phrase "initial determination of timeliness" in Regulation 10–6–1(B)(1) means that an ALJ can reduce or eliminate the three-day extension afforded by the regulation based upon a finding of when a complainant actually received a notice of action.

We disagree with UCHSC's interpretation for several reasons. First, Regulation 10–6–1(B)(1) affords no clear notice or warning to potential complainants that the three-day extension period for mailing is subject to reduction or elimination based upon a finding of actual receipt. Such an interpretation would, at a minimum, create uncertainty and could potentially mislead complainants concerning

the actual filing deadline. Even if complainant had received the letter sometime within the three-day extension period, she may well have relied upon such additional time.

Furthermore, UCHSC's proposed interpretation could lead to unnecessary factual controversies concerning the date of a complainant's actual receipt of the notice of action. This would be contrary to the general policy expressed in the regulations that appeals "shall be resolved as expeditiously as possible." *See* Department of Personnel Policy 10–1(A), 4 Code Colo. Reg. 801–1. Finally, the proposed interpretation overlooks the use of the mandatory word "shall" in Regulation 10–6–1(B)(1).

Unlike UCHSC, we interpret the "initial determination" language contained in Regulation 10–6–1(B)(1) as simply accounting for the fact that such regulation provides two additional bases for extending the ten-day filing period. *See* Department of Personnel Regulation 10–6–1(B)(2), 4 Code Colo. Reg. 801–1 (allowing extension if last day of filing period falls on day the Board offices are closed) and Department of Personnel Regulation 10–6–1(B)(3), 4 Code Colo. Reg. 801–1 (allowing extensions for good cause). In other words, this language acknowledges that, even if the application of the three-day extension for mailing in Regulation 10–6–1(B)(1) results in an initial determination that the petition is untimely, a complainant still has other means by which the filing period may be further extended.

Because we conclude that complainant's petition was timely filed pursuant to Regulation 10–6–1(B)(1), we need not consider complainant's additional contention that the ten-day filing period was equitably tolled.

The order is reversed and the cause is remanded to the Board for further proceedings on complainant's petition.

HUME and JONES, JJ., concur.