Alan H. CARTWRIGHT, James J. Clarke, and Public Accountants' Society of Colorado, a non-profit corporation of the State of Colorado, Plaintiffs–Appellees,

v.

The STATE BOARD OF ACCOUNTANCY, an administrative agency of the State of Colorado, said Board consisting of John Connell, Harold Hein, Sylvia Bruce, James Armstrong, and Rosemary Weiss, Defendant–Appellant.

No. 88CA1856.

Colorado Court of Appeals, Div. I.

April 5, 1990.

Baker & Hostetler, Bruce D. Pringle, Randy L. Sego, Denver, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nancy A. Hopf, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

The defendant, the State Board of Accountancy, appeals from a declaratory judgment which invalidated certain of its regulations as being in excess of its statu-

tory authority. At issue in this appeal is whether the Board has the statutory authority to prohibit non-certified public accountants from performing accounting services known as "reviews." We agree with the trial court that the Board lacks such authority, and therefore affirm.

A "review" is one of three distinct levels of financial analysis recognized by the American Institute of Certified Public Accountants (AICPA). As defined by the AICPA's Statements on Standards for Accounting and Review Services (SSARS), a review involves an intermediate level of financial analysis and responsibility, more than that involved in a compilation, but less than that involved in an audit. *See* SSARS AR § 100.04 (1987).

In Colorado, the performance of certain accounting services is restricted to certified public accountants only, while other accounting services may also be performed by unlicensed accountants. Specifically, as relevant here, § 12–2–120(6), C.R.S. (1985 Repl.Vol. 5) provides, in pertinent part, that:

"(a)(II) No person or corporation shall, unless he holds a valid permit to do so issued under the provisions of section 12–2–119:

(A) As an independent auditor, make or conduct an investigation, examination, or audit of the financial statements or supporting records of any person, organization, or corporation, to determine the accuracy or fairness with which they present the financial position, changes in financial position, or financial results of operations of such person, organization, or corporation;

(B) Attest or express an opinion, as an independent auditor, as to the financial position, changes in financial position, or financial results of the operation of any person, organization, or corporation, or as to the accuracy or reliability of any financial information contained in any such accounting or financial statement.

. . . .

(d) The term "independent auditor" as used in this section shall mean any per-son or corporation engaged or employed to make or conduct an audit of the financial statements or supporting records of any person, organization, or corporation, to determine, on the basis of such audit, the accuracy or fairness with which they present the financial position, changes in financial position, or financial results of operations of such person, organization, or corporation, other than an officer, employee, or partner of the person, organization, or corporation under audit.

(e) The provisions of paragraph (a) of this subsection (6) shall not prohibit the performance by persons other than certified public accountants of other services involving the use of accounting skills, including the preparation of tax returns and the preparation of financial statements without the expression of opinions or assurances thereon."

The statute is clear and contains no ambiguity; thus, it must be applied as written. *State Board of Equalization v. American Airlines, Inc.*, 773 P.2d 1033 (Colo.1989). By the language of § 12–2–120(6)(a)(II), unlicensed accountants are prohibited from conducting audits while acting in the capacity of an independent auditor. Conversely, the parties agree that unlicensed accountants are not prohibited from performing the compilation function. *See* § 12–2–120(6)(e). The dispute here is whether unlicensed accountants may perform the review function.

In 1987, the Board promulgated two regulations in which the Board defined the terms "audit" and "assurances," respectively, as used in § 12–2–120(6). Board of Accountancy Regulations 9.2 and 9.3, 3 Code Colo.Reg. 705–1 (1987). In these regulations, the Board defined each of these statutory terms broadly enough to include both the audit function and the review function. *Compare* Board of Accountancy Regulations 9.2(B) and 9.3(B), 3 Code Colo. Reg. 705–1 (1987) *with* SSARS AR § 100.04 (1987). As a result, the effect of these regulations was to prohibit unlicensed accountants from performing reviews.

The plaintiffs, two unlicensed individuals who perform various accounting services,

and a professional organization which is comprised primarily of unlicensed accountants, then brought this declaratory judgment action in the district court, challenging the validity of Regulations 9.2 and 9.3. The trial court ruled that the additional restriction prohibiting unlicensed accountants from performing reviews contained in these regulations was beyond the scope of the Board's statutory authority, and the court therefore held that Regulations 9.2 and 9.3 were void.

The Board now appeals this ruling as to the invalidation of Regulation 9.3 only (defining "assurances" as encompassing the review function), but the Board does not contest the trial court's invalidation of Regulation 9.2 (defining "audit" as encompassing the review function). We perceive no error in the trial court's ruling.

Pursuant to § 12–2–104(1)(b), C.R.S. (1985 Repl.Vol. 5), the Board is authorized to make such rules and regulations as may be necessary for the administration of the accountancy statutes, but only to the extent "not inconsistent with the laws of this state." *See also* § 24–4–103(8)(a), C.R.S. (1988 Repl.Vol. 10A) (any regulation "which conflicts with a statute shall be void").

Thus, a regulation may not modify or contravene an existing statute, and any regulation that is inconsistent with or contrary to a statute is void. *Miller International, Inc. v. State,* 646 P.2d 341 (Colo. 1982). Also, although the construction of a statute by an administrative agency charged with its enforcement should be given deference by the courts, the courts have a duty to invalidate administrative regulations which conflict with the design of a statute. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

We conclude that the Board's attempt to prohibit unlicensed accountants from performing reviews conflicts with the statutory scheme set forth in § 12–2–120(6). By its terms, § 12–2–120(6)(a)(II) prohibits unlicensed accountants from conducting "audits" only if they are acting in the capacity of "an independent auditor." By not appealing the trial court's invalidation of Regulation 9.2, the Board now concedes that the statutory prohibition involving auditing functions set forth in § 12–2–120(6)(a)(II) does not extend to a prohibition involving the review function as well, since audits are separate and distinct from reviews. *See* SSARS AR § 100.04 (1987); *see also* § 2–4–101, C.R.S. (1980 Repl.Vol. 1B) (words having a technical or particular meaning are to be construed accordingly).

Contrary to the Board's contention, § 12–2–120(6)(e) does not set forth any statutory prohibitions in addition to those set forth in § 12–2–120(6)(a). The statutory scheme is clear: in subsections one through six, prohibited conduct is identified and language of prohibition used. In § 12–2–120(6)(e), however, no prohibitory language appears. Instead, it provides that unlicensed accountants are permitted to perform accounting services not otherwise prohibited and refers only incidentally to those services not expressing opinions or assurances.

A violation of any of the provisions of § 12–2–120 is a misdemeanor and is punishable by a fine or imprisonment or both. Section 12–2–129, C.R.S. (1985 Repl.Vol. 5). As a criminal or penal statute, it is axiomatic that § 12–2–120 must be strictly construed, even where the statutory construction issue arises in a civil proceeding. *Calkins v. Albi,* 163 Colo. 370, 431 P.2d 17 (1967).

Thus, because the statutory prohibition set forth in § 12–2–120(6) involves auditing functions only, and because subparagraph (e) contains no language of prohibition, we hold that the Board's attempt to extend the prohibition to include the review function as well exceeded the Board's statutory authority, and Regulation 9.3 is therefore void.

The Board's reliance on *Accountants' Ass'n of Louisiana v. State,* 487 So.2d 155 (La.App.1986) to support a contrary holding is misplaced. In that case, the Louisiana court upheld an administrative agency's regulations which prohibited unlicensed accountants from performing review func-

tions in Louisiana. However, that holding is not persuasive here because of compelling differences between the statutory scheme controlling in Louisiana and the statutory scheme controlling here. *Compare* La.Rev.Stat.Ann. § 37:72(A)(2) (1988) (prohibiting unlicensed accountants from issuing "any opinion or certificate attesting in any way to the reliability of any representation or estimate" regarding financial affairs) *with* § 12-2-120(6)(a)(II), C.R.S. (1985 Repl.Vol. 5) (prohibiting unlicensed accountants from conducting "audits" while acting in the capacity of "an independent auditor"). Our statute contains no such broad prohibition.

The Board also argues that the legislative declaration set forth in § 12-2-101, C.R.S. (1985 Repl.Vol. 5) indicates a broad legislative intent to limit the performance of accounting services which involve the expression of any opinions or assurances to licensed accountants only. Because the review function involves certain limited assurances, the Board contends that its regulatory prohibition against unlicensed accountants performing reviews is consistent with the legislative intent expressed in § 12-2-101. We disagree with this analysis.

We note that the legislative declaration set forth in § 12-2-101 refers only to such limitations and restrictions on accounting practices "under the circumstances set forth in this article," and § 12-2-101 therefore cannot serve as an independent statutory basis for Regulation 9.3, apart from the specific prohibitions set forth in § 12-2-120(6). In addition, since the Board concedes that the review function did not exist in 1977, when § 12-2-101 was amended to add the language the Board relies upon, we fail to see how § 12-2-101 can be construed as a legislative endorsement of the Board's regulatory prohibition of the review function by unlicensed accountants.

If, as the Board contends, public policy requires that only licensed accountants be permitted to perform the review function, only the General Assembly has the power to so provide; it has not done so, and the Board's attempt to accomplish this result by regulatory fiat is invalid. *See Miller International, Inc. v. State, supra.*

Accordingly, we hold that the trial court properly invalidated Regulations 9.2 and 9.3, and the judgment is affirmed.

PIERCE and PLANK, JJ., concur.