Erwin J. ETTELMAN, Appellant,

v.

**COLORADO STATE BOARD OF
ACCOUNTANCY, Appellee.**

No. 90CA2220.

Colorado Court of Appeals,
Div. III.

May 21, 1992.

As Modified Nov. 5, 1992.

Appellant's Petition for Rehearing
Granted; Appellee's Petition for
Rehearing Denied Nov. 5, 1992.

Certiorari Denied March 19, 1993.

Montgomery, Little, Young, Campbell & McGrew, P.C., David A. Burlage, John R. Riley, Englewood, for appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Victoria R. Mandell, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge JONES.

Erwin J. Ettelman appeals the rejection of his application for a certificate of certified public accountant by the Colorado State Board of Accountancy. He argues that the Board's regulations for certification are inconsistent with the statutory requirements for certification. We agree and reverse the decision of the Administrative Law Judge and the final order of the Board.

Ettelman applied for a certificate of certified public accountant after he had passed the required written examination and had met all of the educational requirements for certification. The Board denied Ettelman's application because his public accounting experience was gained between 1972 and 1975, which does not meet the criteria for certification as promulgated by the Board under State Board of Accountancy Rule 4.1(A), 3 Code Colo. Reg. 705-1. That rule requires that public accounting experience must be obtained within 5 years of passing the written examination.

Plaintiff contends that since there is no statutorily prescribed time constraint for obtaining the requisite experience, the limitation as to when qualifying experience must be obtained, under Rule 4.1(A), is inconsistent with the statutory requirements for certification. The Board maintains that the limitation requirement for obtaining public accounting experience under Rule 4.1(A) is not inconsistent with the statute and, in fact, is applicable to every applicant, regardless of whether the applicant submits evidence of experience under section (A), the public practice provisions of the rule, or under section (B), the non-public practice provisions of the rule. We do not agree with Ettelman that Rule 4.1(A), on its face, is adverse to the statuto-

ry scheme. However, we determine that the Board's construction and application of Rule 4.1(A) is inconsistent with the statute and, thus, the Board's rejection of Ettelman's application exceeded its authority to administer the statute.

The requirements for attaining a certificate of certified public accountant are set forth under § 12–2–108 and § 12–2–109, C.R.S. (1991 Repl.Vol. 5A). Section 12–2–108 provides that a certificate shall be granted to any applicant who has passed a written examination and who meets the further educational and experience requirements under either § 12–2–109(1)(a) and (b) or § 12–2–109(1)(b) and (c), C.R.S. (1991 Repl.Vol. 5A). To qualify for accreditation under § 12–2–109(1)(b) and (c), an applicant must meet more rigorous educational requirements than required for qualification under § 12–2–109(1)(a) and (b).

Presumably to compensate for the less demanding educational requirements for qualification, additional criteria for qualification have been established, under § 12–2–109(1)(a) and (b), and an applicant may be accredited under these sections only if he or she:

(II) Has one year's experience doing public accounting work as an employee of a certified public accountant *or what the board determines to be the equivalent....* (emphasis added)

Under its authority to administer the requirements for attaining a certificate of certified public accounting, § 12–2–104, C.R.S. (1991 Repl.Vol. 5A), the Board promulgated Rule 4.1, which defines and interprets §§ 12–2–108 and 12–2–109. Rule 4.1 delineates two means by which an applicant may satisfy the experience requirement pursuant to § 12–2–109(1)(a)(II).

I.

The first method by which an applicant may be accredited under § 12–2–109(1)(a) and (b) is to provide evidence of public practice experience which demonstrates that "that person has obtained one year of experience doing public accounting work as an employee and under the direct supervi-

sion of a licensed certified public accountant ... ," Rule 4.1(A), and that such experience was "obtained no more than five (5) years prior or subsequent to passing the certified public accounting examination." Rule 4.1(A)(III).

Ettelman argues that this imposition of a time limitation for obtaining this experience is inconsistent and contrary to § 12–2–108 and 12–2–109, because these statutory provisions, which set forth the qualifications for attaining a certificate of certified public accounting in their entirety, do not contain any limitation as to when the qualifying experience must be obtained. This argument has no merit.

■ The General Assembly need not adopt a specific formula to guide agency rule-making if, when reading and considering the statute as a whole so as to ascertain the legislative intent, the agency can find general guidance in the purposes and overall scheme of an act. *Dodge v. Department of Social Services*, 657 P.2d 969 (Colo.App.1982); *see Regular Route Common Carrier Conference v. Public Utilities Commission*, 761 P.2d 737 (Colo.1988).

■ Here, upon considering the Accountancy Act as a whole, we conclude that the General Assembly has invested the Board with the power and duty to impose conditions and limitations upon the issuance of a certificate of public accounting as follows:

(1) The board has the power and duty to:

.   .   .   .   .

i) Deny the issuance or renewal of, suspend for a specified period of time, or revoke a certificate; or issue a letter of admonition to or censure or place on probation or fine any person who, while holding a certificate, violates any of the provisions of this article; or *impose other conditions and limitations....* (emphasis added)

Section 12–2–104(1)(i), C.R.S. (1991 Repl. Vol. 5A) (emphasis added).

■ In addition, it is apparent that one of the primary purposes of the Act is to ensure that certified public accountants maintain current professional competence. §§ 12–2–101, *et seq.*, C.R.S. (1991 Repl.Vol.

5A). This purpose is apparent in the requirements that, in order to remain qualified, every certified public accountant must complete no "more than eighty hours every two years" of continuing education, § 12–2–119(6)(a) C.R.S. (1991 Repl.Vol. 5A), and must provide "proof to the board of his continued professional competence, as required by the Board," § 12–2–108(5), C.R.S. (1991 Repl.Vol. 5A), should the accountant fail to renew an expired certificate.

These provisions of the Accountancy Act indicate the General Assembly's intent to ensure that current professional competence is maintained in the profession. *See Dodge v. Department of Social Services, supra.* Thus, we perceive no statutory inconsistency with the Board's promulgation of the requirement that public accounting experience be obtained within five years of passing the written certified public accounting examination, under Rule 4.1(A)(III), because this regulation properly furthers the will of the General Assembly. *Miller International, Inc. v. State*, 646 P.2d 341 (Colo.1982).

II.

The second method provided by the rule for accreditation under § 12–2–109(1)(a) and (b) relates to the applicant having had one year of non-public practice work experience under Rule 4.1(B), which meets certain standards of equivalency for public practice experience as authorized pursuant to § 12–2109(1)(a)(II). Under Rule 4.1(B), the non-public practice provisions of the rule, there is no requirement that the requisite "equivalent" work experience must have been obtained within five years of passing the certified public accounting examination.

■ The Board argues, however, that Rule 4.1 must be construed as a whole, and by so doing, an applicant who submits evidence of experience that complies with Rule 4.1(B), must additionally meet the experience requirements under *both* sections 4.1(A) and 4.1(B) in order to qualify for certification. Thus, under the Board's interpretation of its Rule 4.1, an applicant who has the requisite non-public practice

experience for obtaining a certificate of certified public accounting under 4.1(B) must also meet the public practice experience requirements under 4.1(A), before accreditation may be conferred. We do not agree with the Board's interpretation.

In order to qualify for a certificate of public accounting pursuant to § 12–2–109(1)(a) and (b), an applicant must submit proof of *either* "one year's experience doing public accounting work as an employee of a certified public account *or* what the board determines to be the equivalent." Section 12–2–109(1)(a)(II), C.R.S. (1991 Repl.Vol. 5A) (emphasis added).

The Board has defined "equivalent" nonpublic practice experience under Rule 4.1(B), stating that "the requirement for one year of experience doing public accounting work ... may *also* be met by one year of work experience ... which meets the following standards of *equivalency*." (emphasis added)  The Board then effectively eliminates this alternate method of qualification by construing the rule so that applicants who qualify for certification under 4.1(B) must also meet the public practice experience requirements under 4.1(A). Thus, the alternative, or "equivalent," method for qualification is rendered nonexistent because *every* applicant must meet the *identical* public practice requirements for qualification under 4.1(A). The impact of this approach is that the Board has failed to provide an "equivalent" means of qualification as required pursuant to § 12–2–109(1)(a)(II).

Construing § 12–2–109 as a whole, we conclude that the General Assembly intended that alternative methods for certification be available to applicants pursuant to § 12–2–109. An applicant may become qualified by completing only educational requirements pursuant to § 12–2–109(1)(b) and (c); or by completing "one year's experience doing public accounting work;" or, under § 12–2–109(1)(a) and (b), by completing "what the board determines to be the equivalent" of one year's experience doing public accounting work.

■■■■■■ regulation may not modify or contravene an existing statute, and any regulation that is inconsistent with or contrary to a statute is void. *Miller International, Inc. v. State, supra.  See also* § 24–4–103(8)(a), C.R.S. (1982 Repl.Vol. 10) (any rule which conflicts with a statute is void).

**[6]** ■■■■■■■■ while the construction of a statute by an administrative agency charged with its enforcement should be given deference by the courts, the courts have a duty to invalidate administrative regulations which conflict with the design of a statute because they are in excess of administrative authority granted. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976); *Cartwright v. State Board of Accountancy*, 796 P.2d 51 (Colo.App.1990).

**[7]** ■■■ hold that the Board has no authority to eliminate the provision "what the board determines to be the equivalent" set out in § 12–2–109(1)(a)(II) by nullifying its prescribed alternative method of qualification. Hence, we conclude that the Board's construction of Rule 4.1 is a modification, rather than an interpretation, of the statutory scheme. It is, therefore, void and of no effect. *Miller International, Inc. v. State, supra; Travelers Indemnity Co. v. Barnes, supra; Cartwright v. State Board of Accountancy, supra.*

As a result of this holding, Ettelman's remaining contentions are rendered moot.

The decision of the ALJ and the order of the Board are reversed and the cause is remanded with the instruction that Ettelman be granted leave to resubmit his application for the Board's consideration under Rule 4.1(A) and (B) as the rule existed on February 15, 1990 at the time that Ettelman first submitted his application to the Board. The Board is further instructed to assess the adequacy of any experience qualifications submitted under either subsection of Rule 4.1 independent of the qualification requirements under the alternate subsection of the Rule, and under the standards and regulations in effect at the time of the initial submission of the application.

METZGER and RULAND, JJ., concur.