Nicholas J. BESCH, Jr., Trustee,
and Nicholas J. Besch, Jr.,
Petitioners–Appellants,

v.

JEFFERSON COUNTY BOARD OF
COUNTY COMMISSIONERS and Jefferson County Board of Equalization,
Respondents–Appellees,

and

Colorado State Board of Assessment
Appeals, Appellee.

No. 99CA0246.

Colorado Court of Appeals,
Div. II.

March 16, 2000.

Certiorari Denied March 19, 2001.

Frie & Arndt LLP, Robert G. Frie, Paul R. Danborn, Arvada, Colorado, for Petitioners–Appellants.

Frank J. Hutfless, County Attorney, David Hughes, Assistant County Attorney, Golden, Colorado, for Respondents–Appellees.

No Appearance for Appellee Colorado State Board of Assessment Appeals.

Opinion by Judge DAVIDSON.

In this property tax case, petitioners, Nicholas J. Besch, Jr., Trustee, and Nicholas J. Besch, Jr. (taxpayers), appeal from an order of the Colorado State Board of Assessment Appeals (BAA) which denied their petition in abatement/refund proceedings challenging the non-agricultural classification assigned to their land for the 1996 tax year. We affirm.

At issue in this appeal is whether a parcel of land may qualify for agricultural classification for property tax purposes from alleged ranching use, based on "trespass grazing" on the parcel by cattle belonging to a rancher-lessee of an adjacent parcel, without any lease agreement for grazing involving the subject parcel. We agree with the BAA that

such "trespass grazing" is an insufficient basis for agricultural classification as a matter of law under the applicable statutory scheme.

The relevant facts are not in dispute. Taxpayers filed an abatement/refund petition with the Jefferson County Board of County Commissioners (BOCC), seeking the reclassification of their approximately 50–acre parcel from vacant land to agricultural land for the 1996 tax year. After the BOCC denied the abatement/refund petition, taxpayers appealed to the BAA.

At the *de novo* hearing before the BAA, taxpayers presented evidence showing that a rancher had been grazing cattle on an adjacent parcel for many years under a lease agreement with the adjacent property owner, and that this lessee conducted such operations for the primary purpose of obtaining a monetary profit as part of his ranching business. Because there is no fence separating the parcels, the neighboring lessee's cattle also wandered onto the subject parcel and used it for grazing as well during the pertinent time periods. However, taxpayers were unaware of this use of their land at that time. After later discovering this grazing use, taxpayers also entered into a grazing lease with this rancher covering the subject parcel in 1998.

The BOCC opposed agricultural classification for the 1996 tax year based on such "trespass grazing," relying on the "trespass grazing" provisions in the reference manuals published by the Property Tax Administrator (PTA) indicating that such use does not meet the statutory requirements for agricultural classification. *See* 3 *Assessors Reference Library* § V, at 5.23 (revised 1–99); *see also Huddleston v. Grand County Board of Equalization*, 913 P.2d 15 (Colo.1996) (PTA's reference manuals binding on county assessors).

Following the hearing, the BAA denied taxpayers' petition, ruling that the statutory requirements for agricultural classification were not met for the 1996 tax year under the circumstances shown.

■ On appeal, taxpayers contend that the BAA erred in denying their claims for agricultural classification based on the neighboring rancher's incidental use of their land during the pertinent time periods. We disagree. We conclude that "trespass grazing" does not meet the statutory requirements for agricultural classification as a matter of law.

■ Initially, we note that taxpayers have the burden of proof under the statutory scheme to show any qualifying "ranching" uses of their land in support of their claims for agricultural classification. *See Johnston v. Park County Board of Equalization*, 979 P.2d 578 (Colo.App.1999); *Palmer v. Board of Equalization*, 957 P.2d 348 (Colo.App. 1998).

Pursuant to § 39–1–102(1.6)(a)(I), C.R.S. 1999, "agricultural land" is defined for property tax purposes as including, as relevant here, a parcel of land that "was used the previous two years and presently is used" as a "ranch" relative to a particular tax year. Further, § 39–1–102(13.5), C.R.S.1999 defines "ranch," in pertinent part, as meaning "a parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit."

■ Although not binding on the courts, the interpretations of these statutes by the PTA and the BAA, as agencies charged with their administration, must be given appropriate deference. *See El Paso County Board of Equalization v. Craddock*, 850 P.2d 702 (Colo.1993); *E.R. Southtech, Ltd. v. Arapahoe County Board of Equalization*, 972 P.2d 1057 (Colo.App.1998). In this regard, the PTA's reference manuals expressly provide that "trespass grazing" does not meet the statutory requirements for agricultural classification because no contractual agreement to lease the land for a qualifying use can be shown. 3 *Assessors Reference Library* § V, at 5.23 (revised 1–99).

■ In our view, this makes perfect sense. Indeed, the clear import of § 39–1–102 is that only the permissive use of a parcel of land for grazing activities by a rancher under a legal claim of right can qualify the parcel for agricultural classification based on "ranching" use. This is because any non-permissive "trespass grazing" that may occur in conjunction with the ranching use of an adjacent parcel simply cannot be use of the neighboring parcel for the primary purpose

of obtaining a monetary profit from that incidental and unauthorized use.

Contrary to taxpayers' contention, *Boulder County Board of Equalization v. M.D.C. Construction Co.*, 830 P.2d 975 (Colo.1992) and *Douglas County Board of Equalization v. Clarke*, 921 P.2d 717 (Colo.1996), do not say otherwise.

In *M.D.C.* and *Clarke*, the supreme court held that the actual surface use of the land is the critical issue in determining whether a parcel may qualify for agricultural classification based on "ranching" use under the pertinent statutory provisions. Thus, a parcel of land may qualify for agricultural classification based on appropriate ranching use by a lessee, regardless of the land owner's intent or motivations concerning the property. However, nothing in these decisions indicates that the unauthorized, incidental use of a neighboring parcel—whether by an owner or a lessee of an adjacent parcel—is use of the neighboring parcel, by anyone, to obtain a monetary profit.

Here, taxpayers have not shown any permissive grazing use of their land under a legal claim of right over the three-year time period applicable to the 1996 tax year. Rather, although the neighboring rancher's cattle grazed on their parcel because it was not fenced off, taxpayers were unaware of this grazing use at that time and did not enter into a grazing lease with the rancher authorizing such use until much later.

Under these circumstances, taxpayers did not meet the statutory requirements for agricultural classification based on qualifying "ranching" use for the 1996 tax year as a matter of law. *See* §§ 39–1–102(1.6)(a)(I) & 39–1–102(13.5); see also *Palmer v. Board of Equalization, supra.*

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The BAA's order is affirmed.

Judge PLANK and Judge DAILEY concur.