**Violet Hilzer AUSTIN,
Plaintiff-Appellant,**

v.

**WELD COUNTY (The Board of County Commissioners of the County of Weld, Weld County, Colorado), Defendant-Appellee.**

No. 84CA0788.

Colorado Court of Appeals,
Div. I.

May 16, 1985.

Norton Frickey & Associates, P.C., Howard Flicker, Denver, for plaintiff-appellant.

Thomas O. David, Weld Co. Atty., Jan Rundus, Asst. Co. Atty., Greeley, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Violet Hilzer Austin, appeals from a judgment which dismissed her action against Weld County to recover damages for an injury caused by alleged negligence of employees of the defendant county. We reverse.

■ With certain exceptions, the doctrine of sovereign immunity is available as a defense by public entities. Section 24–10–108, C.R.S. The sole issue before us is whether plaintiff's claim was timely filed so as to qualify under an exception, as required by the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S. Section 24–10–109(1), C.R.S., of that act requires that a person having a claim thereunder shall file a written notice with the public entity "within one hundred eighty days after the date of the discovery of the injury." Plaintiff filed her notice with the Weld County Commissioners on August 22, 1983, which was 181 days after the date of plaintiff's injury. The 180th day fell on a Sunday.

Plaintiff contends that, pursuant to C.R. C.P. 6(a), and § 24–11–110, C.R.S., the filing of the notice was timely. Section 24–11–110, C.R.S., provides that if a document is required to be filed "on any day when the public office is closed . . . then any such filing . . . shall neither be abated nor defaulted but the same shall stand continued to the next succeeding full business day." *See also* § 2–4–108, C.R.S.

Defendant's motion was premised on the assertion that § 24–10–102, C.R.S., prevents C.R.C.P. 6(a) and § 24–11–110, C.R.S., from applying to the 180-day time limit. Section 24–10–102, C.R.S., contains the "Declaration of Policy" underlying the CGIA, and states that public entities "should be liable for their actions and those of their agents only to such extent and subject to such restrictions as are provided by this article." The trial court agreed that this language prevented employment of a rule or statute to vary the terms of the CGIA, and granted the motion. We disagree.

■ First, § 24–11–110, C.R.S., states that "any" filing termination date shall be continued to the next succeeding full business day. In construing a statute, the word "any" means "all." *Fillmore v. Wells*, 10 Colo. 228, 15 P. 343 (1887); *Winslow v. Morgan County Commissioners*, 697 P.2d 1141 (1985). Therefore, on its face, this section of the statute is controlling.

Second, defendant's contention has been considered and rejected by our Supreme Court in interpreting a similar predecessor statute. In *Antonopoulos v. Town of Telluride*, 187 Colo. 392, 532 P.2d 346 (1975), the Supreme Court ruled that statutory provisions for tolling statutes of limitation were applicable to extend the notice period specified by the governmental immunity act then in effect. In so ruling, the court expressed the view that it would be incongruous to extend the time for bringing suit,

and yet bar the same person for failing to file a timely notice. The court stated: "[s]uch an anomaly was clearly not within the contemplation of the legislature in enacting the Immunity Act." *Antonopoulos, supra.*

The same principle applies and is controlling here. For, if here the notice had been filed within 180 days after the injury, and the termination date for filing the action fell on a Sunday, § 24–11–110, C.R.S., as well as C.R.C.P. 6(a), would allow the suit to be filed on the following Monday. Thus, were we to adopt defendant's contention, we would create the same anomaly the Supreme Court held was not intended.

*Vailes v. Brown,* 16 Colo. 462, 27 P. 945 (1891), relied on by defendant, is inapposite. The ruling in that case was made before there was any statute extending time limits which end on a non-business day. Hence, the holding in *Vailes* is without precedential impact here.

The judgment is reversed and the cause is remanded for further proceedings.

BERMAN and STERNBERG, JJ., concur.