John A. FLEMING, Alexander H. Kunzer, and Ray B. Krucas, Plaintiffs-Appellees,

v.

CITY OF LAKEWOOD, a municipal corporation; Jean L. Rogers, City Clerk for the City of Lakewood, Colorado; and Rebecca D. Zupan, Defendants-Appellants.

Nos. 84CA1409, 85CA0379.

Colorado Court of Appeals, Div. II.

June 26, 1986.

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Skelton, Oviatt and O'Dell, Michael S. Kupecz, Wheat Ridge, for plaintiffs-appellees.

Gorsuch, Kirgis, Campbell, Walker and Grover, Roger W. Noonan, Merry Ann Vernon, Denver, for defendants-appellants City of Lakewood and Jean L. Rogers.

Cohen Brame & Smith, P.C., Roger C. Cohen, Jeffrey L. Smith, Denver, for defendant-appellant Rebecca D. Zupan.

STERNBERG, Judge.

The City of Lakewood, Lakewood City Clerk Jean L. Rogers, and Rebecca D. Zupan, a citizen who contested the validity of certain referendum petitions, appeal from an order of the trial court directing the City Clerk to present the petitions sponsored by plaintiffs, John A. Fleming, Alexander H. Kunzer, and Ray B. Krucas, to the Lakewood City Council. We affirm.

In November 1983, the Lakewood City Council passed an ordinance rezoning an area of Lakewood commonly known as Belmar Plaza. In accordance with the Lakewood City Charter, the ordinance provided that it was to take effect forty-five days after its second publication. As second publication occurred on November 17, the effective date of the rezoning was Sunday, January 1, 1984.

Plaintiffs sought review of this legislation through referendum. The Charter requires that a referendum petition be "signed by registered electors of the City in a number at least equal to three percent of the total number of registered electors of the City on the date of the last regular municipal elections." It mandates filing of such petitions with the City Clerk prior to the effective date of an ordinance. The City Clerk is empowered by the Charter to examine referendum petitions for formal sufficiency and is required to present valid petitions to the City Council. Upon presentation, the referred ordinance is suspended from operation pending reconsideration by the Council or submission to the voters in a referendum election.

Plaintiffs inquired of the City Clerk regarding procedural requirements governing the referendum process. In response, on December 9, the Clerk issued a memorandum which stated:

"Please be advised that 1,515 signatures of registered electors will be required, and the petitions must be submitted by 5:00 P.M. on January 3, 1984. (Actually the date of submission should be January 1. However, that is a Sunday, and City Hall will be closed on January 2 for the Holiday, so we will allow the time to extend to January 3.)"

On January 3, referendum petitions opposing the rezoning ordinance were filed with the City Clerk. After a hearing, the Clerk made written findings and conclusions with respect to the sufficiency of the petitions. She found that they had been timely filed, but that they were defective because some of the required 1,515 signatures had been acquired after December 31, 1983.

Claiming that the City Clerk had exceeded her jurisdiction and abused her discretion in making the findings, and asking that the petitions be declared valid, plaintiffs then sought review pursuant to C.R. C.P. 106(a)(4).

The trial court ruled, *inter alia*, that § 24–11–110, C.R.S., (the public office closing statute) applied to the filing of referendum petitions. That statute provides in pertinent part:

"If, on a holiday designated in sections 24–11–102 or 24–11–103 or on any day when the public office concerned is closed, or on a Saturday, any document is required to be filed with any public office of the State of Colorado, its departments, agencies, or institutions, or with any public office of political subdivision of the State, ... then any such filing, ... so required or scheduled shall neither be

abated nor defaulted but the same shall stand continued to the next succeeding full business day at such public office at the same time and place."

And, finding that no Lakewood charter or ordinance provision addressed the subject matter of the statute, the court concluded the filing was timely.

The court also ruled that the City Clerk should have included in her computations signatures collected after December 31. The court reasoned that, because the Lakewood City Charter sets no time constraints on the gathering of signatures but states only that petitions must be filed before the effective date of the subject ordinance, and that, at the time of filing, petitions must contain the requisite number of signatures, the time allowed for collecting signatures must be co-extensive with the time allowed for filing. The court concluded, therefore, that application of § 24–11–110 to extend the filing period would also extend the time allowed under the Charter for collection of signatures. As an alternative basis for this ruling, the court concluded that the City Clerk was equitably estopped from disallowing the signatures.

■ Defendants contend that the trial court erred in that part of its ruling relating to the time period allowed for collection of signatures. They argue that neither the Charter nor ordinance addresses the subject matter of § 24–11–110, and that because § 24–11–110 does not address signature gathering, it could not be applied to conflict with what they characterize as Charter-established restrictions on that process. They contend that the Clerk, therefore, did not err in applying the plain language of the statute to extend the time period allowed for the filing of the petitions while not extending the time for obtaining signatures on those petitions. We disagree.

In *Margolis v. District Court*, 638 P.2d 297 (Colo.1981), the Supreme Court reviewed the People's retained powers of referendum and initiative. Citing cases from this and other jurisdictions, the court noted that such powers are " 'fundamental rights of a republican form of government which

the people have reserved unto themselves....,' " and that the referendum power " 'must be liberally construed in favor of the right of the people to exercise it. Conversely, limitations of the power of referendum must be strictly construed.' " The court noted further that the reason for such reservation of power was "to expeditiously permit the total and free expression of legislative power by the people...."

The Lakewood City Charter referendum provisions state that petitions containing the requisite number of signatures must be filed prior to the effective date of the ordinance complained of. While there is no express requirement that the signatures must be collected before the effective date, obviously the signatures cannot be collected after that time if the filing deadline is to be met. Neither charter nor ordinance, however, addresses the question of what is to be done when the filing date falls on a weekend or holiday, thus potentially limiting the time specified by the charter for conducting a petition drive. Also, the broad language of § 24–11–110 does not conflict with, but merely supplements, the Charter provision requiring filing before the effective date of an ordinance. It does not address the time allowed for signature collection.

To hold, as the defendants urge, that the time for filing was extended, but the time for obtaining signatures was not, would be to construe the charter so as to sever the expressly stated requirements for time of filing from the requirements—which arise only by inference—for obtaining signatures. This construction would effectively imply the existence of a charter provision stating that all signatures be collected before the ordinance's effective date.

The holding urged by defendants would render illusory the benefits conferred by the City Clerk's memorandum of December 9. Such curtailment of the referendum power is contrary to the rule that requires liberal construction of provisions addressing that power. *Margolis v. District Court, supra.* Hence, we reject that construction, and agree with the district court that the period for collection of referendum signatures extended to January 3, 1984.

We do not deem this appeal to be in any way groundless or frivolous, as urged by the plaintiffs, because extremely close questions of law are involved and, therefore, we reject plaintiffs' prayer for attorney fees. Because of our disposition of the case, it is unnecessary to address other contentions of error.

The order is affirmed.

SMITH and BABCOCK, JJ., concur.