Phillippe M. **BANOS,**
Plaintiff–Appellant,

v.

**EL PASO COUNTY COURT,** State of Colorado, Honorable Jerry Nelson, Defendant–Appellee.

No. 89CA1296.

Colorado Court of Appeals,
Div. IV.

Aug. 9, 1990.

Rehearing Denied Nov. 1, 1990.

Certiorari Denied Feb. 11, 1991.

J.C. Martin III, Colorado Springs, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol Mullins, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Phillippe M. Banos, appeals from a district court order that discharged a writ of prohibition in which he had challenged a county court's ruling that he was subject to the jurisdiction of that court. We affirm.

On December 12, 1988, plaintiff was arrested for driving under the influence of alcohol and careless driving. Plaintiff posted a cash bond for his release and was served a summons and complaint ordering him to appear in the El Paso County Court on January 29, 1989, a Sunday.

On January 17, 1989, plaintiff filed a motion to dismiss on grounds that he had been ordered to appear on a date when the court was not in session. The county court denied the motion, ruling that plaintiff had submitted to the court's jurisdiction by posting bond. Plaintiff was then ordered to appear on January 31, 1989, but he did not appear and a bench warrant was issued.

Thereafter, plaintiff filed a complaint for relief in the nature of a writ of prohibition in the district court pursuant to C.R.C.P. 106(a)(4). The district court ruled that plaintiff had entered a general appearance in the county court when he filed his motion to dismiss and that the county court therefore had personal jurisdiction over him.

Plaintiff's sole contention on appeal, as it was before the district court, is that the county court lacked personal jurisdiction over him. We disagree.

The fact that plaintiff's summons and complaint mistakenly ordered his appearance on a Sunday neither excused plaintiff's obligation to appear in court nor purged it of jurisdiction over him.

Section 24–11–110, C.R.S. (1988 Repl.Vol. 10A) provides as follows:

"If, on a holiday ... or on any day when the public office concerned is closed, or on a Saturday ... any document is required to be filed ... or any appearance or return is required to be made at any ... public office, or any official or employee of such public office is required to perform any act or any duty of his office, then any such filing, appearance, return, act, or duty so required or scheduled shall neither be abated nor defaulted, but the same shall stand continued to the next succeeding full business day at such public office at the same time and place."

This statute reflects the General Assembly's recognition that, from time to time, dates for appearance, for filing of documents, for returns, for official acts, and for the accomplishment or performance of official duties may fall on legal holidays or weekends during which public offices, including state courts, may be closed. Being aware of the chaos which would result from strict adherence to such dates where public offices are closed and public officials and employees are unavailable to the public, the General Assembly has sensibly mandated that under such circumstances, the filing, appearance, or other act required or scheduled on that date "shall neither be abated nor defaulted," but that it shall be continued to the next succeeding full business day at the public office in question at the same time.

While this statutory provision has not been interpreted by the appellate courts of this state as to appearances in the Colorado criminal courts, it has been applied in other contexts. It has been uniformly held to apply to circumstances, whether in judicial or administrative arenas, in which time is of essence as to an event or action. *See Denver Clean–Up Service, Inc. v. Public Utilities Commission,* 174 Colo. 329, 483 P.2d 974 (1971); *Fleming v. City of Lakewood,* 723 P.2d 166 (Colo.App.1986); *Austin v. Weld County,* 702 P.2d 293 (Colo. App.1985). *See also Kensey v. Preeson,* 746 P.2d 542 (Colo.1987).

Section 24–11–110 specifies that "any appearance" date that falls on a day on which the subject public office is closed shall be continued to the next full business day. The word "any" has been construed to mean "all." *Austin v. Weld County, supra.* Therefore, the statute must be interpreted as applying to appearances in all of

the courts of this state including the criminal courts.

Because § 24–11–110 applies here, it is plain that the county court was not purged of its otherwise proper jurisdiction over plaintiff simply because of the appearance date on his summons and complaint. Hence, the district court properly rejected plaintiff's writ of prohibition.

The judgment is affirmed.

METZGER and MARQUEZ, JJ., concur.