**BOARD OF COUNTY COMMISSIONERS of LAPLATA COUNTY, Board of County Commissioners of Archuleta County, Board of County Commissioners of Las Animas County, Board of County Commissioners of Routt County, and Board of County Commissioners of San Miguel County, Plaintiffs–Appellants,**

v.

**COLORADO OIL AND GAS CONSERVATION COMMISSION, an Agency of the State of Colorado, Defendant–Appellee.**

No. 02CA1879.

Colorado Court of Appeals,
Div. II.

Sept. 25, 2003.

Rehearing Denied Nov. 13, 2003.*

* Ney, J., would GRANT.

Goldman, Robbins & Rogers, LLP, Jeffery P. Robbins, Lindsey K.S. Nicholson, Durango, CO, for Plaintiffs–Appellants.

Mary Deganhart–Weiss, County Attorney, Pagosa Springs, CO, for Plaintiff–Appellant Board of County Commissioners of Archuleta County.

Dodridge C. Shelby, County Attorney, Denver, CO, for Plaintiff–Appellant Board of County Commissioners of Las Animas County.

John D. Merrill, County Attorney, Steamboat Springs, CO, for Plaintiff–Appellant Board of County Commissioners of Routt County.

Steven J. Zwick, County Attorney, Telluride, CO, for Plaintiff–Appellant Board of County Commissioners of San Miguel County.

Ken Salazar, Attorney General, Carol J. Harmon, Assistant Attorney General, Denver, CO, for Defendant–Appellee.

Hall & Evans, LLC, Thomas J. Lyons, Denver, CO, for Amicus Curiae Colorado Counties, Inc.

Geoffrey T. Wilson, Denver, CO, for Amicus Curiae Colorado Municipal League.

Kenneth A. Wonstolen, Denver, CO, for Amicus Curiae Colorado Oil & Gas Association.

### ORDER REVERSED

Opinion by Judge CASEBOLT.

In this action seeking judicial review of an agency rule under the Administrative Procedure Act, § 24–4–101, et seq., C.R.S. 2002(APA), and for declaratory judgment under C.R.C.P. 57, plaintiffs, the Boards of County Commissioners of the Counties of La Plata, Archuleta, Las Animas, Routt, and San Miguel, appeal the order of the district court dismissing their action against defendant, the Colorado Oil and Gas Conservation Commission (COGCC), for lack of standing. We reverse the order, void the amendment to the rule adopted by COGCC, and declare the rights of the parties as set forth in this opinion.

Plaintiffs brought this action challenging the validity of an amendment to COGCC Rule 303(a), promulgated under COGCC's rulemaking authority pursuant to the Oil and Gas Conservation Act, § 34–60–101, et seq., C.R.S.2002 (OGCA). The amended rule, dealing with permits to drill for oil and gas, states, "The permit-to-drill shall be binding with respect to any conflicting local governmental permit or land use approval process." Plaintiffs asserted that this amendment was invalid on its face because it exceeded the scope of COGCC's authority; that it was an incorrect statement of law; and that COGCC's rulemaking did not meet the requirements of applicable statutory procedures.

Plaintiffs and COGCC filed briefs on the merits in the district court arguing the validity of the amended rule. However, the court did not reach the merits. Instead, it dismissed the case sua sponte for lack of standing, holding that there was no actual dispute to resolve because plaintiffs did not allege that the revision had occasioned actual impairment of their land use regulatory functions. This appeal followed.

### I.

Plaintiffs assert the district court erred in dismissing their complaint for lack of standing. We agree.

Standing is a threshold question of law, *see Hall v. Walter*, 969 P.2d 224 (Colo. 1998), and thus we review the district court's determination de novo. *See Cloverleaf Kennel Club, Inc. v. Colo. Racing Comm'n*, 620 P.2d 1051 (Colo.1980).

The standing question involves application of a two-part test to determine whether a plaintiff has asserted a legal basis on which a claim for relief can be predicated. First, the plaintiff must have suffered an injury in fact, and second, that injury must be to a legally protected interest as contemplated by statutory or constitutional provisions. The injury in fact requirement is a constitutional limitation. *Douglas County Bd. of Comm'rs v. Pub. Utils. Comm'n*, 829 P.2d 1303 (Colo.1992). Hence, unless the plaintiff has suffered such an injury, standing does not exist, and the case must be dismissed. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977).

The injury in fact element of standing need not consist of a direct, pecuniary loss. In the context of administrative action, this element of standing does not require that a party suffer actual injury, as long as the party can demonstrate that the administrative action "threatens to cause" an injury. However, an injury must be sufficiently direct and palpable to allow a court to say with fair assurance that there is an actual controversy proper for judicial resolution. *O'Bryant v. Pub. Utils. Comm'n*, 778 P.2d 648 (Colo.1989).

The injury in fact element of standing is established when the allegations of the complaint, along with any other evidence submitted on the issue of standing, establish that a regulatory scheme threatens to cause injury to the plaintiff's present or imminent activities. *Bd. of County Comm'rs v. Bowen/Edwards Assocs., Inc.*, 830 P.2d 1045 (Colo.1992)(*Bowen/Edwards* ).

The injury is to a legally protected interest for which judicial relief is available if

the legal basis for the claim creates a right or interest that arguably has been abridged by the challenged action. *State Bd. for Cmty. Colls. & Occupational Educ. v. Olson,* 687 P.2d 429 (Colo.1984). This means simply that the plaintiff must demonstrate the existence of a legal right or interest that arguably has been violated by the conduct of the other party. *O'Bryant v. Pub. Utils. Comm'n, supra.* The plaintiff's interest can emanate from a constitutional, statutory, or judicially created rule of law that entitles the plaintiff to some form of judicial relief. *Bowen/Edwards, supra.*

Here, the broad question presented is the extent to which both local governments and the state can regulate oil and gas operations and development. The state has authority to regulate under OGCA, which is administered by COGCC. Plaintiffs have the authority to regulate land use and development within their jurisdictions under the Local Government Land Use Control Enabling Act, § 29–20–101, et seq., C.R.S.2002, and the County Planning Code, § 30–28–101, et seq., C.R.S. 2002. Both COGCC and plaintiffs have adopted regulations in these areas, including amended Rule 303(a) at issue here.

In *Bowen/Edwards, supra,* an oil and gas operator challenged the validity of La Plata County's land use regulations governing oil and gas operations, arguing that OGCA preempted any local regulation of those operations. Noting that state and local governments have distinct interests in regulating those operations, the supreme court held that local regulatory authority could be required to yield to the state's authority using preemption analysis when "the operational effect of the county regulations conflicts with the application of the state statute or state regulations." *Bowen/Edwards, supra,* 830 P.2d at 1059.

The court explained that operational conflict arises where the effectuation of a local interest would materially impede or destroy the state interest, and it indicated that the courts would determine the existence of such a conflict on an ad hoc basis under a full evidentiary record. *See also Voss v. Lundvall Bros., Inc.,* 830 P.2d 1061 (Colo. 1992)(home rule city could enact land use

regulations, and if the regulations did not frustrate and could be harmonized with development and production of oil and gas in a manner consistent with stated goals of OGCA, city's regulations should be given effect); *Town of Frederick v. N. Am. Res. Co.,* 60 P.3d 758 (Colo.App.2002)(applying operational conflict analysis).

█ In our view, plaintiffs have sufficiently alleged an injury in fact. In their complaint, plaintiffs asserted that the adoption of amended Rule 303(a) threatens to cause an injury to their protected interests because it is a denial of local governments' rights established by statute and case law to regulate the oil and gas industry. They also alleged that the rule infringes upon and restricts their land use regulatory authority; the rule may require them to litigate in various district courts to force operators' compliance with their regulations; and it may expose them to the risk of multiple, inconsistent determinations from various courts.

Essentially, plaintiffs asserted that COGCC improperly expanded the operational conflict standard articulated in *Bowen/Edwards* by providing that Rule 303(a) prevailed whenever there is *any* conflicting local governmental permit or land use approval process. *See Maurer v. Young Life,* 779 P.2d 1317 (Colo.1989)(injury in fact requirement satisfied by allegations of harm to a governmental body's institutional interests through usurpation of authority by another governmental entity and interference by a reviewing agency with the authority of another agency to carry out its enforcement and policymaking functions); *see also Douglas County Bd. of Comm'rs v. Pub. Utils. Comm'n, supra* (PUC approval of utility upgrade derogates county's land use plan; thus, county's injury in fact sufficiently alleged).

As COGCC correctly asserts, plaintiffs have not pleaded specific facts under which a conflict between amended Rule 303(a) and their land use regulations has actually occurred. *See Bowen/Edwards, supra* (determination of conflict made on ad hoc basis under developed evidentiary record).

However, plaintiffs' challenge to amended Rule 303(a) is a facial attack, not an as-applied attack. Plaintiffs did not request the district court, or this court, to resolve a specific conflict between the rule and any of their current regulations. Instead, they seek a determination concerning the validity of the rule when read against the supreme court's delicate balancing of state and local interests as reflected in *Bowen/Edwards, supra,* and its enunciation of the operational conflict analysis. Plaintiffs allege that amended Rule 303(a) is contrary to the operational conflict standards and therefore threatens to cause injury to their regulatory interests. That allegation is sufficient to assert an injury in fact.

We also conclude that plaintiffs have a legally protected interest in enacting and enforcing their land use regulations governing the surface effects of oil and gas operations. This interest emanates from the authority granted to counties by state statutes permitting them to enact and enforce land use regulations, as well as from the judicial determination in *Bowen/Edwards* that, absent an operational conflict between state interests and local interests, local regulations should be given effect. *See also Douglas County Bd. of Comm'rs v. Pub. Utils. Comm'n, supra* (county had standing to challenge agency decision because it had a legally protected interest in its ability to enact and enforce land use regulations).

In addition, plaintiffs have a right and interest under § 24–4–106(4.5), C.R.S. 2002, of the APA to seek judicial review of agency action. The cited provision states, as relevant here:

> [T]he board of county commissioners of any county of this state may commence an action in the Denver district court ... for judicial review of any agency action which is directed to any official, board, or employee of such county or which involves any duty or function of any official, board, or employee of such county....

Under this statute, a board of county commissioners may seek review of agency action that "involves" any duty or function of the named county officials. On its face, amended Rule 303(a) involves the duty or function of plaintiffs' employees relating to local governmental permits and land use approval processes. *See also* § 24–4–106, C.R.S.2002 (persons adversely affected or aggrieved by agency action may seek judicial review); § 24–4–102(12), C.R.S. (counties are "persons" under the APA); § 24–4–102(3.5), C.R.S.2002 (for purpose of judicial review of rule-making, "aggrieved" means being exposed to potential injury to governmental interests); § 34–60–111, C.R.S.2002 (regulation promulgated by COGCC is subject to judicial review under APA); *Douglas County Bd. of Comm'rs v. Pub. Utils. Comm'n, supra.*

To the extent COGCC asserts that plaintiffs must also satisfy the requirements of C.R.C.P. 57 and § 13–51–109, C.R.S.2002, to obtain declaratory relief, we likewise conclude that the threshold showing has been made. Plaintiffs have demonstrated an existing legal controversy that can be effectively resolved by a declaratory judgment, and not a mere possibility of a future legal dispute. The parties disagree concerning the legality of amended Rule 303(a), whether it conflicts with *Bowen/Edwards,* what it means, and how it operates. Further, we perceive no future contingencies that might otherwise resolve the parties' dispute or render moot a decision on the merits. *See Three Bells Ranch Assocs. v. Cache La Poudre Water Users Ass'n,* 758 P.2d 164, 168 (Colo.1988); *Conrad v. City & County of Denver,* 656 P.2d 662, 668 (Colo.1982).

Hence, we conclude the district court erred in dismissing the complaint for lack of standing.

## II.

The parties assert, and we concur, that we may directly address the underlying substantive issue without a remand, because the validity of the rule presents a question of law subject to de novo review. *See Bowen/Edwards, supra.* Hence, we address plaintiffs' contention that amended Rule 303(a) contradicts current case law and therefore exceeds COGCC's statutory authority. We agree that for these reasons the amendment to Rule 303(a) must be set aside.

A rule may not be adopted if it conflicts with other provisions of law. Section 24–4–103(4)(b)(IV), C.R.S.2002. If a court finds that the agency action is contrary to law, it has authority to invalidate the action. Section 24–4–106(7), C.R.S.2002; *Ettelman v. Colo. State Bd. of Accountancy*, 849 P.2d 795 (Colo.App.1992)(statute); *cf. Regular Route Common Carrier Conference v. Pub. Utils. Comm'n*, 761 P.2d 737, 743 (Colo.1988)(case law).

██ Rules adopted by an agency are presumed to be valid. *Regular Route Common Carrier Conference v. Pub. Utils. Comm'n*, *supra*. Any challenging party has a heavy burden to establish invalidity of the rule by demonstrating that the agency violated constitutional or statutory law, exceeded its authority, or lacked a basis in the record for the rule. The court cannot substitute its judgment for that of the agency. *Colo. Ground Water Comm'n v. Eagle Peak Farms, Ltd.*, 919 P.2d 212 (Colo.1996).

██ Interpretation of a rule by the agency charged with its enforcement is generally entitled to great deference. *Halverstadt v. Dep't of Corr.*, 911 P.2d 654 (Colo. App.1995). The agency's interpretation is to be accepted if it has a reasonable basis in law and is warranted by the record. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981). However, we will not defer to administrative interpretation when the regulatory language is so clear as to compel the contrary result. *See Three Bells Ranch Assocs. v. Cache La Poudre Water Users Ass'n*, *supra*.

Here, the rulemaking record indicates that COGCC amended Rule 303(a) to reduce uncertainty arising from local governments' enactment of oil and gas regulations in the exercise of their land use authority, which enactments had spawned several lawsuits. COGCC sought to inform oil and gas operators of existing case law and reduce confusion.

As previously noted, the amended rule provides that "The permit-to-drill shall be binding with respect to any conflicting local governmental permit or land use approval process." According to COGCC's Answer Brief, this rule is merely a statement of its understanding of relevant case law, in particular, *Bowen/Edwards,* and is not meant to contravene that law.

COGCC's understanding of relevant case law, however, is not binding upon us. *See FirstBank v. Bd. of Equalization,* 990 P.2d 1109, 1111 (Colo.App.1999)(courts must interpret the law and are not bound by an agency interpretation that misconstrues it). And COGCC's amendment of the rule does not represent an exercise of its technical expertise. *See El Paso County Bd. of Equalization v. Craddock,* 850 P.2d 702 (Colo.1993). Hence, we decline to give deference to the arguments it sets forth in its brief on appeal.

██ The words "any conflicting" in the rule have much broader meaning than "operationally conflicting," as discussed in *Bowen/Edwards* and *Voss v. Lundvall Bros., supra.* The word "any" means "all." *See, e.g., Austin v. Weld County,* 702 P.2d 293 (Colo. App.1985). Thus, on its face amended Rule 303(a) would preempt local government actions beyond those that materially impede or destroy the state interest and would give oil and gas operators license to disregard local land use regulation. This result erodes the delicate balance between local interests and state interests set forth by *Bowen/Edwards.* Therefore, because the amended rule conflicts with *Bowen/Edwards,* we must set it aside.

In light of this conclusion, we need not address plaintiffs' contentions that the division in *Town of Frederick v. North American Resources Co., supra,* incorrectly applied the operational conflict test.

Accordingly, we declare the amended portion of Rule 303(a) void under § 24–4–103(4)(b)(IV).

### III.

Finally, plaintiffs assert that amended Rule 303(a) should be set aside because COGCC's rulemaking violated several provisions of the APA. Because we have declared the amendment void, we need not address this assertion.

The district court order dismissing plaintiffs' complaint for lack of standing is re-

versed. We declare the amendment to the rule to be invalid.

Judge WEBB concurs.

Judge NEY dissents.

Judge NEY dissenting.

Because I conclude that the trial court did not err in dismissing plaintiffs' complaint for lack of standing, I dissent.

Plaintiffs are subject to the constitutional requirement for standing that an actual case or controversy must exist before the judicial power may be invoked. *See Maurer v. Young Life*, 779 P.2d 1317 (Colo.1989); *see also Douglas County Bd. of Comm'rs v. Pub. Utils. Comm'n*, 829 P.2d 1303 (Colo.1992).

The majority correctly states that an allegation that a regulation merely threatens to cause injury to a plaintiff's present or imminent activities may be sufficient to establish an injury in fact. *Bd. of County Comm'rs v. Bowen/Edwards Assocs., Inc.*, 830 P.2d 1045 (Colo.1992).

However, the alleged injury must be "sufficiently direct and palpable to allow a court to say with fair assurance that there is an actual controversy proper for judicial resolution." *O'Bryant v. Pub. Utils. Comm'n*, 778 P.2d 648, 653 (Colo.1989); *see also Bd. of County Comm'rs v. Bowen/Edwards Assocs., Inc., supra*, 830 P.2d at 1053 (plaintiff must demonstrate an "existing legal controversy that can be effectively resolved ... and not a mere possibility of a future legal dispute over some issue").

In my view, plaintiffs have not alleged any injury suffered by them that has occurred or may occur in the future because of the adoption of the amendment. Instead, they allege that the amendment causes an injury in fact because it (1) is "a denial of local government's statutory rights and rights established by case law to regulate the oil and gas industry"; (2) "infringes upon and restricts Plaintiffs' land use regulatory authority and thereby harms Plaintiffs"; and (3) creates the potential for possible multiple interpretations if future injuries occur.

With these assertions, plaintiffs merely allege general and hypothetical injuries caused by the adoption of the amendment to Rule 303(a). They fail to identify a particular injury that has arisen or may arise under the amended version of Rule 303(a), such as a conflict with a specific exercise or element of their governmental authority. While I note that action in contravention of a regulation is not required to establish an injury in fact, the nonspecific allegation of a general abrogation of authority here is not sufficiently particularized to establish standing. Without specific facts, any injury alleged here is merely hypothetical and is not sufficiently direct and palpable to create an actual case or controversy.

Accordingly, I would affirm the trial court's order dismissing the complaint for lack of standing.