**GRAND VALLEY CITIZENS' ALLIANCE, Cary Weldon, Ruth Weldon, Wesley Kent, Marcia Kent, and Western Colorado Congress, Plaintiffs–Appellants,**

v.

**COLORADO OIL AND GAS CONSERVATION COMMISSION; David Neslin, in his official capacity as Acting Director of the Colorado Oil and Gas Conservation Commission; and EnCana Oil & Gas (USA), Inc., Defendants–Appellees.**

No. 09CA1195.

Colorado Court of Appeals, Div. VII.

June 24, 2010.

Kelly Garnsey Hubbell & Lass LLC, Martha M. Tierney, Denver, Colorado; Law Offices of Luke J. Danielson, Luke J. Danielson, Julie N. Richards, Gunnison, Colorado; Law Office of Paul Zogg, Paul Zogg, Boulder, Colorado, for Plaintiffs–Appellants.

John W. Suthers, Attorney General, Casey A. Shpall, Deputy Attorney General, Cheryl A. Linden, First Assistant Attorney General, Matthew J. Lepore, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees Colorado Oil and Gas Conservation Commission and David Neslin.

Welborn Sullivan Meck & Tooley, P.C., Keith D. Tooley, Lisa V. Ludwig, Denver, Colorado, for Defendant–Appellee EnCana Oil & Gas (USA), Inc.

Don K. DeFord, County Attorney, Deborah Quinn, Assistant County Attorney, Glenwood Springs, Colorado, for Amicus Curiae Board of Commissioners of Garfield County, Colorado.

Benjamin F. Gibbons, County Attorney, Monte Vista, Colorado, for Amicus Curiae Board of Commissioners of Saguache County, Colorado.

Michael Freeman, Denver, Colorado, for Amici Curiae San Luis Valley Citizens Alliance and Southwest Colorado Surface Owners Alliance.

Bruce T. Barker, County Attorney, Greeley, Colorado, for Amicus Curiae Board of Commissioners of Weld County, Colorado.

Steven J. Zwick, County Attorney, Telluride, Colorado, for Amicus Curiae Board of Commissioners of San Miguel County, Colorado.

Sheryl Rogers, County Attorney, Paul Kosnik, Assistant County Attorney, Durango,

Colorado, for Amicus Curiae Board of Commissioners of La Plata County, Colorado.

David Baumgarten, County Attorney, Gunnison, Colorado, for Amicus Curiae Board of Commissioners of Gunnison County, Colorado.

John M. Ely, County Attorney, Christopher G. Seldin, Assistant County Attorney, Aspen, Colorado, for Amicus Curiae Board of Commissioners of Pitkin County, Colorado.

Newnam Land, LLP, Mary D. Newnam, Trinidad, Colorado, for Amicus Curiae Board of Commissioners of Las Animas County, Colorado.

Beatty & Wozniak, P.C., Kenneth A. Wonstolen, Ruth M. Moore, Denver, Colorado, for Amicus Curiae Colorado Oil & Gas Association.

Opinion by Judge CONNELLY.

Were plaintiffs, who challenged EnCana Oil & Gas (USA), Inc.'s applications to drill natural gas wells near a former nuclear blast site, entitled to a hearing before the Colorado Oil and Gas Conservation Commission? We answer yes.

First, we hold that plaintiffs have standing to sue because their alleged injuries—both procedural (denial of a hearing) and substantive (risk of harm to land they own and use)—are legally cognizable. Then, we construe Colorado's Oil and Gas Conservation Act (Act), §§ 34–60–101 to –129, C.R.S.2009, and Administrative Procedure Act (state APA), §§ 24–4–101 to –108, C.R.S.2009. We hold that plaintiffs are statutorily entitled to a hearing on their challenges to EnCana's applications for drilling permits. Accordingly, we reverse a district court order dismissing plaintiffs' complaint and remand for further proceedings.

## I. Background

Plaintiffs are two organizations and four individuals. At this stage of the case, we accept the truth of factual allegations in their dismissed complaint. *See Medina v. State,* 35 P.3d 443, 452–53 (Colo.2001); *Colorado General Assembly v. Lamm,* 700 P.2d 508, 516 (Colo.1985).

Plaintiffs collectively own, reside on, and use land in Garfield County, near Rulison. This western Colorado area was the site of a 1969 federal agency experiment dubbed Project Rulison. That project, involving detonation of a large nuclear device 8,400 feet below ground, was designed to explore whether nuclear explosives could stimulate natural gas production.

Project Rulison produced nothing marketable: the liberated gas contained radioactive matter. And the nuclear detonation left subsurface toxic and radioactive contaminants that persist today.

The three decades after the explosion saw little or no drilling near the blast site. In the late 1990s, however, companies began seeking permission to drill in the area. In 2004, the Commission ruled that a hearing would be required for any permit application involving drilling within half a mile of the 1969 blast site.

In 2008, EnCana applied for permits to drill wells less than three miles from the blast site. Because the proposed wells were beyond the half-mile radius, a hearing was not automatic.

Plaintiffs petitioned the Commission for intervention and a hearing on EnCana's applications. The Commission's rules do not include plaintiffs among those entitled to seek a hearing on such permit applications. *See* Rule 503.b(7), 2 Code Colo. Regs. 404–1 (as amended effective 2009) (allowing such hearings to be requested by operator, surface owner, relevant local government, or state environmental agencies).

The Commission's Acting Director denied plaintiffs' hearing requests and approved EnCana's permit applications. He wrote that "our rules do not permit" plaintiffs to request a hearing, but that he had treated their objections as a written complaint. *See* Rule 303.m, 2 Code Colo. Regs. 404–1 (as amended effective 2009) (allowing Director to withhold approval of permit application "based on information supplied in a written complaint submitted by any party with standing"). He concluded that plaintiffs had not met their burden for him to withhold approval under that rule.

Plaintiffs then filed this suit. Their complaint alleged that they were statutorily entitled to a hearing on the permit applications. The relief they requested included a declaration to that effect and an order invalidating the permits issued without a hearing. EnCana moved to dismiss the complaint under C.R.C.P. 12(b)(1) for lack of standing and C.R.C.P. 12(b)(5) for failure to state a claim. The Commission moved to dismiss only under the latter rule.

The district court granted EnCana's motion and dismissed the case for lack of subject matter jurisdiction and failure to state a claim. It ruled that plaintiffs had failed to establish "injury in fact" to a "legally protected interest." In so ruling, the court examined the Act and the state APA. It concluded that neither law entitled plaintiffs to the requested hearing.

## II. Standard of Review

We must decide whether plaintiffs had standing and whether they stated a valid claim. We review these issues, including matters of statutory construction, de novo. *See Lobato v. State*, 218 P.3d 358, 367 (Colo. 2009); *Barber v. Ritter*, 196 P.3d 238, 245 (Colo.2008); *Ainscough v. Owens*, 90 P.3d 851, 856–57 (Colo.2004).

## III. Plaintiffs' Standing

### A. Overview

■ Standing "is a threshold issue that must be satisfied in order to decide [this] case on the merits." *Ainscough*, 90 P.3d at 855. While Colorado lacks the explicit "case or controversy" requirement of Article III of the federal constitution, *Conrad v. City & County of Denver*, 656 P.2d 662, 669 (Colo. 1982), our standing doctrine has separation of power roots in Colorado Constitution Articles III and VI. *Ainscough*, 90 P.3d at 855–56. Even so, Colorado "does not require" as much as federal cases require. *City of Greenwood Village v. Petitioners for Proposed City of Centennial*, 3 P.3d 427, 437 n. 8 (Colo.2000). Accordingly, "the test in Colorado has traditionally been relatively easy to satisfy." *Ainscough*, 90 P.3d at 856.

■ Colorado imposes two requirements for standing: "[f]irst, the plaintiff must have suffered an injury-in-fact, and second, this harm must have been to a legally protected interest." *Ainscough*, 90 P.3d at 855. The first requirement is constitutionally rooted; the second is prudential. *HealthONE v. Rodriguez*, 50 P.3d 879, 892 (Colo.2002).

### B. The Legal Sufficiency of Plaintiffs' Alleged Injuries

■ The denial of plaintiffs' claimed statutory right to a hearing to contest a permit application was a cognizable injury. Standing can be based on "intangible [injuries], such as aesthetic harm or the deprivation of civil liberties." *Barber*, 196 P.3d at 246; *see, e.g., Nicholl v. E–470 Public Highway Authority*, 896 P.2d 859, 866 (Colo.1995) ("even where no direct economic harm is implicated, a citizen has standing to pursue his or her interest in ensuring that governmental units conform to the state constitution"). And such injuries "may exist solely by virtue of statutes creating legal rights." *Cloverleaf Kennel Club, Inc. v. Colorado Racing Comm'n*, 620 P.2d 1051, 1058 (Colo. 1980) (internal quotations omitted).

Plaintiffs also alleged that the proposed drilling would threaten substantive injury to land they owned, resided on, and used. The Supreme Court and Colorado courts have recognized that the risk of environmental injuries to places used by a plaintiff can establish standing. *See, e.g., Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 183, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Rocky Mountain Animal Defense v. Colorado Division of Wildlife*, 100 P.3d 508, 513 (Colo.App.2004).

The alleged procedural injury, when coupled with the alleged substantive injury, would state a prima facie claim of standing even under the stricter federal test. In *Summers v. Earth Island Institute*, 555 U.S. 488, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009), for example, the Court recognized that the Forest Service's denial of procedural rights to notice and comment would provide standing to plaintiffs "claiming that but for the allegedly unlawful abridged procedures they would have been able to oppose the project

that threatened to impinge on their concrete plans to observe nature in that specific area." *Id.* at 1151; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 572 n. 7, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("under our case law, one living adjacent to the site for proposed construction of a federally licensed dam has standing to challenge the licensing agency's failure to prepare an environmental impact statement").

### C. Defendants' Arguments

Defendants argue that plaintiffs were "not injured by the denial of a hearing" because plaintiffs were "not entitled to a hearing." But this argument conflates standing with the merits. A civil plaintiff claiming to have been injured by a defendant's actions has standing to sue even if a court, upon reaching the merits, ultimately determines the defendant committed no wrong.

■ The second prong of the standing inquiry does *not* require plaintiffs to prove the ultimate "merits" of their claim. *O'Bryant v. Public Utilities Comm'n,* 778 P.2d 648, 653 (Colo.1989); *accord Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Rather, it asks only "whether the particular constitutional or statutory provision underlying the claim creates a right or interest in the plaintiff that has been *arguably* abridged by the challenged governmental action." *State Bd. for Community Colleges & Occupational Educ. v. Olson,* 687 P.2d 429, 435 (Colo.1984) (emphasis added); *see also National Credit Union Administration v. First National Bank & Trust Co.,* 522 U.S. 479, 492, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998) (emphasizing importance of adjective "arguably" in federal "zone of interests" test).

For standing purposes, it suffices that plaintiffs have identified statutes that *arguably* gave them a right to a hearing before the Commission. Whether those statutes ultimately do or do not accord such a hearing right is an issue on the merits that we analyze separately below in Section IV.

Defendants also argue that denial of a hearing did not harm plaintiffs because the Acting Director considered their request as a written complaint under a rule allowing him temporarily to withhold approval of a permit application. *See* Rule 303.m, 2 Code Colo. Regs. 404–1 (as amended effective 2009). But plaintiffs sought a hearing before the Commission, not simply written review by the Director. The Commission does not seriously maintain that plaintiffs got what they sought; to the contrary, its appellate brief contends that requiring the types of hearings sought by plaintiffs would "overwhelm" the Commission.

Finally, the Commission argues that the alleged environmental risks were "too remote and uncertain" to constitute injury. But plaintiffs need not allege that environmental harms inevitably will occur; instead, it suffices that "a regulatory scheme threatens to cause injury to the plaintiff's present or imminent activities." *Board of County Commissioners v. Colorado Oil & Gas Conservation Comm'n,* 81 P.3d 1119, 1122 (Colo.App. 2003); *cf. Friends of Earth,* 528 U.S. at 183–85, 120 S.Ct. 693 (standing established where current users of area expressed "reasonable concerns" about effect of challenged action on their ability to continuing using and enjoying the area).

Here, we cannot say that concerns about the risks of new drilling some two or three miles from the former nuclear blast site are so unreasonable as not even to constitute injury. The Commission itself has recognized that similar concerns justify requiring hearings for drilling permits within half a mile of that site. The Commission's half-mile radius may prove to be an entirely rational point at which to draw the line. But, at this threshold stage, we cannot dismiss the fears of those persons residing near but outside that line as so unreasonable as to justify a denial of standing to be heard in court.

### IV. The Merits

■ Plaintiffs' claimed right to a hearing rests on a straightforward reading of the second sentence of section 34–60–108(7), C.R.S.2009 ("On the filing of a petition concerning any matter within the jurisdiction of the commission, it shall promptly fix a date for a hearing thereon and shall cause notice of the filing of the petition and of the date for

the hearing thereon to be given."). EnCana's initial suggestion that this sentence is merely permissive confuses section 34–60–108(7)'s permissive first sentence (providing the Commission "may" act on its own motion or an interested party's petition) with the mandatory second sentence relied on by plaintiffs.

The broad hearing rights granted by section 34–60–108(7)'s second sentence are consistent with "broad participation" rights granted elsewhere in the Act. *Williams Natural Gas Co. v. Mesa Operating Ltd. P'ship,* 778 P.2d 309, 312 (Colo.App.1989); *see, e.g.,* § 34–60–108(2), C.R.S.2009 ("any interested person shall be entitled to be heard" in hearings on rules or orders); § 34–60–108(5), C.R.S.2009 (allowing "[a]ny person who believes that he may be an interested party in any proceeding before the commission" to request and receive notices of all petitions upon which a hearing may be held); § 34–60–108(7) (fifth sentence) ("all persons who have filed a timely protest shall be given full opportunity to be heard" at a hearing). *Williams Natural Gas* relied on some of these other "unambiguous" provisions to conclude that "the Act contains no requirement that a person seeking to participate must demonstrate an appropriate interest, motive, or economic connection as a prerequisite to being heard by the commission." 778 P.2d at 311.

Defendants respond that section 34–60–108(7)'s second sentence applies only to "rules," "regulations," and "orders"—not "permits." But such a limitation is found nowhere in the statutory text, which applies to petitions "concerning *any matter* within the jurisdiction of the commission." Nor does the section title, covering "Rules—hearings—process," § 34–60–108, support the proposed rule-regulation-order limit. That other subsections *are* limited to rules, regulations, and orders—*e.g.,* § 34–60–108(2) (generally requiring hearings for such actions)—only highlights the breadth of section 34–60–108(7)'s "any matter" language. *Cf. Robinson v. Colorado State Lottery Div.,* 179 P.3d 998, 1010 (Colo.2008) ("use of different terms signals an intent on the part of the General Assembly to afford those terms different meanings").

In addition to lacking textual mooring, defendants' argument is unpersuasive because "permits" can be "orders." Under the state APA, as under the Act, permit applications may (but need not invariably) result in a hearing. *See* § 24–4–104(8)–(9), C.R.S.2009. Where a hearing occurs on a permit application, it constitutes "adjudication." *See* § 24–4–102(2), C.R.S.2009 ("'Adjudication' ... includes licensing"); § 24–4–102(7), C.R.S.2009 ("'License' includes ... any agency permit"). Thus, by defining an "order" as any final agency disposition other than rulemaking, *see* § 24–4–102(10), C.R.S.2009, the state APA recognizes that a permit can be an order. A hearing on a contested permit application is an "agency adjudicatory proceeding" under section 24–4–105.

Defendants finally counter section 34–60–108(7) by invoking a different section of the Act. The Act does not by its own terms require drilling permits for oil and gas wells. Section 34–60–106(1)(f), C.R.S.2009, however, authorizes the Commission to require permits for such drilling "under such rules and regulations as may be prescribed by the commission." Since 1952, the Commission has required permits before drilling may occur.

Defendants contend that Commission rules precluding nongovernmental third parties from requesting hearings on permit applications were properly promulgated under section 34–60–106(1)(f). Because that section specifically covers permit applications, they argue that it should be construed to "supersede" any "conflicting" provisions in section 34–60–108(7).

There is no conflict between sections 34–60–106(1)(f) and 34–60–108(7) because the former is silent on whether a hearing is required on a permit application. The Commission plainly has statutory authority to promulgate rules governing permit applications, but its rules cannot trump a statutory requirement. *See Miller Int'l, Inc. v. State,* 646 P.2d 341, 344 (Colo.1982) ("any regulation which is inconsistent with or contrary to a statute is void and of no effect"); *Big Top, Inc. v. Schooley,* 149 Colo. 116, 368 P.2d 201, 204 (1962) (an agency "regulation may not

supersede the statute"); *Adams v. Colorado Dep't of Social Services,* 824 P.2d 83, 86 (Colo.App.1991) ("unless expressly or impliedly authorized by statute, administrative rules and regulations are without force and effect if they add to, change, modify, or conflict with an existing statute").

■ The parties and the amici, including counties that come out on different sides of this case, have debated the benefits and burdens of allowing interested persons to demand hearings on permit applications. But "[i]t is not the role of the court to overrule a legislative policy determination when the underlying statutory language unambiguously directs us otherwise." *Cotton Creek Circles, LLC v. Rio Grande Conservation Dist.,* 218 P.3d 1098, 1103 (Colo.2009). In any event, as did the division in *Williams Natural Gas,* we note that the Commission retains "substantial discretion" to control the manner of hearings. 778 P.2d at 312. Finally, the hearings may be held before hearing officers rather than the full Commission. *See* §§ 24–4–105(3), 34–60–106(6), C.R.S.2009.

## V. Conclusion

The order of dismissal is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

Judge BERNARD and Judge LICHTENSTEIN concur.