Mike MAHANEY, Plaintiff–Appellant,

v.

CITY OF ENGLEWOOD, Colorado, a home rule city and a Colorado municipal corporation, Defendant–Appellee.

No. 08CA1505.

Colorado Court of Appeals,
Div. V.

Oct. 1, 2009.

As Modified on Denial of Rehearing
Jan. 21, 2010.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Jim Johnson, Bill E. Kyriagis, Denver, Colorado; Mark Silverstein, Denver, Colorado, for Plaintiff–Appellant.

Daniel L. Brotzman, City Attorney, Nancy N. Reid, Assistant City Attorney, Dugan S. Comer, Assistant City Attorney, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge HAWTHORNE.

We are called upon to review a constitutional challenge to the Englewood Sign Code, which is contained in the Englewood Municipal Code. Plaintiff, Mike Mahaney, appeals the trial court's summary judgment for the City of Englewood. We reverse the judgment and remand with instructions to enter judgment for Mahaney.

## I. Undisputed Facts and Procedural History

Mahaney owns and operates Headed West, a shop that sells pipes and other smoking accessories in a building located in Englewood's "South Broadway Sign Area." In an effort to prevent graffiti, Mahaney hired artists to paint a mural on the building's north and south exterior walls.

The south mural depicts the images of musicians Bob Marley, Jimi Hendrix, Jim Morrison, Jerry Garcia, and Janis Joplin. The north mural depicts a scene from Lewis Carroll's "Alice's Adventures in Wonderland."

Citizen inquiries caused Englewood to inspect the murals and issue a code enforcement notice to Mahaney citing three sign code violations under Title 16 of the Englewood Municipal Code (EMC): (1) failing to obtain a permit as required by EMC section 16–6–13.D.1.a; (2) failing to obtain city manager approval and having more than one mural in violation of EMC section 16–6–13.-K.3.b.6; and (3) exceeding the maximum sign area in violation of EMC Table 16–6–13.7. Mahaney did not remove the murals as instructed in the notice, and Englewood initiated proceedings against him in municipal court. Those proceedings were stayed after Mahaney filed this action for declaratory and injunctive relief alleging that EMC section 16–6–13 violates the First Amendment to the U.S. Constitution and Colorado Constitution article II, section 10.

In the proceedings for declaratory and injunctive relief, Englewood filed a motion for summary judgment arguing that Mahaney's murals are properly subject to its sign code, which does not violate his First Amendment free speech rights. Mahaney filed a cross-motion for summary judgment asserting that (1) the sign code, on its face and as applied to his murals, is unconstitutional under the U.S. and Colorado Constitutions, and (2) the murals are expressly exempted from the purview of the sign code as "works of art."

The trial court granted Englewood's motion for summary judgment, and denied Mahaney's cross-motion for summary judgment. The court relied on federal constitutional principles in concluding that "[g]iven the process for timely review in the Englewood Municipal Code, and the stay provisions of C.R.C.P. 106 ... the Sign Code does not grant the City unlimited time to approve or deny an application and do[es] not constitute a prior restraint on free speech." The court concluded:

1. The sign code does not grant Englewood's officials unbridled discretion in

granting or denying applications for wall murals in the South Broadway district.

2. Englewood has established timely procedures for obtaining a permit and appealing its decisions and these procedures, in conjunction with C.R.C.P. 106(a)(4), provide adequate procedural safeguards.

3. Under the general rules of statutory construction, and the specific provisions of the sign code, Mahaney's wall murals are governed by the more specific provisions of the sign code and are not exempt under the "work of art" exception in the code.

Mahaney appeals the trial court's judgment.

Ordinarily there can be no appeal from an order denying a motion for summary judgment because it is not a final judgment. However, here, the court's order denying Mahaney's cross-motion for summary judgment is a final, appealable order because the summary judgment for Englewood effectively ended litigation in the trial court. *Geiger v. American Standard Ins. Co.*, 192 P.3d 480, 482 (Colo.App.2008) (citing *Glennon Heights, Inc. v. Cent. Bank & Trust*, 658 P.2d 872, 875 (Colo.1983)).

## II. Standard of Review

We review the trial court's grant of summary judgment and a constitutional challenge to a municipal ordinance de novo. *JJR 1, LLC v. Mt. Crested Butte*, 160 P.3d 365, 369 (Colo.App.2007); *Kruse v. Town of Castle Rock*, 192 P.3d 591, 597 (Colo.App.2008). Summary judgment is proper when the pleadings and supporting documents show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *JJR 1, LLC* at 369.

## III. Analysis

Mahaney contends that the trial court erred in granting Englewood's motion for summary judgment and denying his cross-motion for summary judgment because the special review procedure in Englewood's sign code imposes an impermissible prior restraint on his free speech and is therefore unconstitutional on its face and as applied to him. He also contends that even if the sign code is not unconstitutional, his murals are works of art and, therefore, are exempt from the code's regulations.

We agree with Mahaney's first contention because we conclude that the code's special review procedure constitutes a constitutionally impermissible prior restraint on free speech. Because we so conclude, we need not express an opinion as to whether his murals are exempt under the sign code as works of art.

 When reviewing a municipal ordinance or code, we construe it using the same rules for interpreting statutes. *Id.* at 370. Our primary task is to give effect to the drafters' intent, by looking to the code's plain language. *Id.* We must construe the code in a manner that gives consistent, harmonious, and sensible effect to all of its provisions. *Miller v. Colorado Dep't of Health Care Policy and Financing*, 75 P.3d 1167, 1169–1170 (Colo.App.2003). If two provisions appear to be in conflict, we must attempt to construe them in a manner that avoids the conflict. *Smith v. Zufelt*, 880 P.2d 1178, 1183 (Colo. 1994). However, if the conflict cannot be avoided, the more specific provision prevails over the general provision. *Id.*

This "specific over general" rule and a similar rule embodied in EMC section 16–6–13.C.4 were relied upon by the trial court in determining that the sign code's provisions regulating wall murals prevail over its provisions exempting works of art. The court reasoned that because the wall mural and works of art provisions conflict, Mahaney's murals are subject to the sign code's more specific provisions. Englewood adopts this reasoning on appeal.

It is unnecessary for us to determine whether the sign code's wall mural and works of art provisions conflict because we conclude that under either provision, Englewood cannot prevail. If the more specific wall mural provisions apply, thus subjecting Mahaney's murals to the sign code's special review procedure to obtain a permit, they

impose a constitutionally impermissible prior restraint on free speech. If the works of art provisions apply to Mahaney's murals, the code exempts them from permit requirements, and Englewood cannot enforce its code violations notice against Mahaney.[1] Thus, we focus our analysis on the constitutionality of Englewood's special review procedure.

### A. Special Review Procedure

Neither party disputes that each mural is a "wall mural" under the following definition in EMC section 16–11–2:

> [A wall mural is] a picture painted on any exterior wall of a principal building other than the front wall of the building, which (1) does not directly or indirectly advertise or call attention to a product....

Englewood conceded at oral argument that the murals do not directly or indirectly advertise or call attention to a product.

Englewood's sign code regulates wall murals by: (1) permitting them in the South Broadway Sign Area only; (2) requiring approval by the city manager (special review procedure); (3) limiting the murals to either 100 or 125 square feet in size; and (4) permitting one mural per structure. *See* EMC § 16–6–13.K.

Section 16–6–13.K.3.b.6 provides that wall murals are permitted sign types in Englewood's South Broadway Sign Area if a signage plan is approved by the city manager. A separate document entitled, "Policy for Special Review of Commercial Signs" (special review policy), clarifies Englewood's process for obtaining the city manager's approval, and provides in part:

> G. Final Decision. Regardless of the recommendations of the [sign review] committee, all final decisions regarding the issuance of permits for signs in specialized sign areas shall remain with the City Manager or designee. [The sign review com-

mittee's] recommendations shall be made [to the City Manager or designee] within 45 days of the submission of the application to the Community Development Department. In the event the City Manager or designee disagrees with the recommendation of the committee, the City Manager or designee shall make a written record of the reasons for such disagreement at the time the permit is approved, approved with conditions, or denied.

As discussed below, unlike Englewood's five-day standard sign permit approval period in EMC section 16–6–13.D.2.a, neither the special review policy nor any other part of the EMC provides a specific approval period for the city manager's final decision.

### B. Constitutional Principles and Prior Restraints

Because the trial court analyzed Mahaney's federal and state constitutional challenges, and the parties argue them, based on federal constitutional principles, we review the trial court's judgment on the same basis. *See CF&I Steel, L.P. v. United Steel Workers*, 23 P.3d 1197, 1200 (Colo.2001) (although plaintiff challenged Denver's sign code under the federal and state constitutions, our supreme court's analysis was based on federal First Amendment principles because the case implicated those protections); *City of Colorado Springs v. 2354 Inc.*, 896 P.2d 272, 278 (Colo.1995) (although plaintiffs challenged a municipal ordinance on federal and state constitutional grounds, First Amendment analysis was appropriate on review because trial court's judgment was based on First Amendment analysis)

The First Amendment to the U.S. Constitution provides that "Congress shall make no law ... abridging the freedom of speech." That amendment "applies to the states via the Due Process Clause of the Fourteenth

---

1. Englewood's code enforcement notice cites violations of sections 16–6–13.D.1.a and 16–6–13.-K.3.b.6 and table 16–6–13.7. Neither section nor the table applies to works of art because, under section 16–6–13.E, works of art are allowed to "be erected and maintained in all zone districts without a permit." Section 16–6–13.D.1.a addresses the code's basic "permit" requirement.

Section 16–6–13.K.3.b.6 and table 16–6–13.7 apply, as pertinent here, to wall murals that are permitted if a signage plan is approved by the city manager pursuant to the special review procedure. Because both sections and the table apply only to signs that require a permit, they do not apply to works of art. *See* EMC § 16–6–13.E.14.

Amendment." *Hill v. Thomas*, 973 P.2d 1246, 1251 (Colo.1999), *aff'd*, 530 U.S. 703, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000). *See also Cantwell v. Connecticut*, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940); *Sanderson v. People*, 12 P.3d 851, 853 (Colo. App.2000).

■ Signs constitute speech protected by the First Amendment. *Veterans of Foreign Wars, Post 4264 v. City of Steamboat Springs*, 195 Colo. 44, 49, 575 P.2d 835, 839 (1978) (signs "by their very nature [are] a means of expression and communication within the meaning of the First Amendment"). A municipal ordinance is a prior restraint when it subjects constitutionally protected speech to governmental regulation prior to the time that such speech is to occur. *2354, Inc.*, 896 P.2d at 279. Where a prior restraint creates a risk of delay such that every application of the regulation creates an impermissible risk of suppression of ideas, facial challenges to the prior restraints are permissible. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 223–24, 110 S.Ct. 596, 603–04, 107 L.Ed.2d 603 (1990).

Because governmental regulations establishing a system of prior restraint on constitutionally protected speech are presumed to be invalid, we review Englewood's special review procedure and policy under a strict scrutiny standard of review. *2354, Inc.*, 896 P.2d at 279. Under this standard, we must initially determine whether the special review procedure provides for adequate procedural safeguards to ensure a decision by the city manager within a defined time period and prompt judicial review of that decision. *FW/PBS, Inc.*, 493 U.S. at 228, 110 S.Ct. at 606; *2354, Inc.*, 896 P.2d at 279.

If we determine that the procedure provides adequate procedural safeguards, we must then determine whether there is a compelling governmental interest in establishing the permitting scheme and whether the criteria for issuing permits are sufficiently narrow, objective, and definite to prohibit the permitting officer from exercising unfettered discretion. *2354, Inc.*, 896 P.2d at 279–80.

Although we note, without deciding, that the EMC lacks concrete standards to guide the city manager's discretion, and may therefore unconstitutionally vest the decision-maker with unfettered discretion to deny a permit application under the special review procedure, *see City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 770, 108 S.Ct. 2138, 2151, 100 L.Ed.2d 771 (1988), because we conclude that the special review procedure does not provide adequate procedural safeguards, we need not address these issues.

### C. Lack of Procedural Safeguards

■ Here, Mahaney's murals are signs as that term is defined by the sign code, *see* § 16–11–2, and thus constitute speech protected by the First Amendment. *Veterans of Foreign Wars, Post 4264*, 195 Colo. at 49, 575 P.2d at 839. Because Englewood's sign code subjects wall murals to special review and approval by its city manager prior to being displayed, it subjects constitutionally protected speech to governmental regulation prior to the speech occurring and imposes a prior restraint on all wall murals, including Mahaney's. *2354, Inc.*, 896 P.2d at 279.

■ Although a system of prior restraints "comes to [the] [c]ourt bearing a heavy presumption against its constitutional validity," it is not unconstitutional per se. *FW/PBS, Inc.*, 493 U.S. at 225, 110 S.Ct. at 604 (quoting *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 555, 95 S.Ct. 1239, 1246, 43 L.Ed.2d 448 (1975)). In Colorado, a permit process intended to ensure only that signs comply with a sign code's *valid* regulations is not unconstitutional. *See Veterans of Foreign Wars*, 195 Colo. at 53, 575 P.2d at 842.

However, Englewood's special review procedure is unconstitutional under the First Amendment unless it contains the following two essential procedural safeguards to ensure expeditious decision-making by the city manager:

(1) any restraint prior to judicial review can be imposed only for a specified brief period during which the status quo must be maintained;

(2) expeditious judicial review of that decision must be available. *FW/PBS, Inc.*, 493

U.S. at 228, 110 S.Ct. at 606 (citing *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965)).

■ Therefore, to pass constitutional scrutiny, Englewood's special review procedure must require the city manager to decide whether to issue a permit within a brief, specified time period during which the status quo is maintained, and there must be the possibility of prompt judicial review in the event the permit is erroneously denied. *2354, Inc.*, 896 P.2d at 280. A prior restraint that does not limit the time within which the city manager must issue a license or permit is impermissible. *See FW/PBS, Inc.*, 493 U.S. at 226, 110 S.Ct. at 605 (citing *Freedman v. Maryland*, 380 U.S. at 59, 85 S.Ct. at 739) (prior restraint that fails to place limits on time within which decision-maker must issue license is impermissible and scheme that fails to set reasonable time limits on decision-maker creates risk of indefinitely suppressing permissible speech).

Englewood's sign code provides a five-day approval period for signs not subject to special review, *see* § 16–6–13.D.2.a, and paragraph G of the special review policy requires the sign review committee to make its recommendations to the city manager within forty-five days. However, no part of the sign code or the special review policy provides a specific period within which the city manager or designee must determine whether to approve a permit after receiving the sign committee's recommendation. Thus, the special review procedure for approving wall mural signage plans lacks an essential procedural safeguard to ensure that undue delay will not unconstitutionally suppress protected speech.

The trial court recognized this problem because the court cited the five-day approval period provided in section 16–6–13.D.2.a. However, that section is inapplicable to wall murals. The trial court also reasoned that there was prompt judicial review because "the City has established timely procedures for obtaining a permit and appealing the decisions of the City." In addition, the court relied on C.R.C.P. 106, which it concluded allows for "a stay of the effect of an adverse decision and for expedited review thereof," to find that "the Sign Code does not grant the City unlimited time to approve or deny an application."

However, the availability of prompt judicial review, standing alone, does not render the special review procedure constitutional because it still lacks the essential procedural safeguard of a specified time limit within which the city manager must decide whether to issue a permit. *See 2345, Inc.*, 896 P.2d at 279 (court must initially determine whether ordinance contains adequate procedural safeguards and whether prompt judicial review is available).

Thus, because it lacks this essential procedural safeguard, we conclude that Englewood's special review procedure, including its special review policy, is, on its face and as applied to Mahaney's murals, a constitutionally impermissible prior restraint on protected free speech. *See United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987) (a facially unconstitutional statute means there is no set of circumstances under which the statute would be valid). Therefore, the trial court erred in granting summary judgment for Englewood and denying Mahaney's cross-motion for summary judgment.

### IV. Attorney Fees

■ Mahaney contends that he is entitled to "reasonable attorneys' fees incurred in the trial court proceeding and in prosecuting this appeal pursuant to 42 U.S.C. § 1988, which provides for attorney fees in proceedings to enforce rights protected by the United States Constitution and brought pursuant to 42 U.S.C. § 1983." Because we conclude the complaint states a claim for relief under section 1983 and he is the prevailing party on appeal, we agree that Mahaney is entitled to his reasonable attorney fees incurred in this appeal. However, whether Mahaney is entitled to his attorney fees incurred in the trial court proceedings is an issue for the trial court to initially decide upon appropriate motion.

■ "To state a claim for relief under section 1983, a complainant need allege only (1) that some person deprived complainant of a right, privilege or immunity secured by the

federal constitution; and (2) that such person acted under color of state law." *Int'l Soc. for Krisha Consciousness, Inc. v. Colorado State Fair and Indus. Exposition Comm'n*, 673 P.2d 368, 373 (Colo. 1983). Complaints filed under the Civil Rights Act are liberally construed, and express reference to conduct as violating section 1983 is not required to recover attorney fees under section 1988. *Id.* at 373–74. Section 1988 applies to any action for which section 1983 provides a remedy. *Id.*

Here, Mahaney's complaint alleged that (1) the code deprived him of First Amendment rights guaranteed by the United States Constitution; and (2) Englewood and its employees acted "under color of state law." Thus, Mahaney stated a claim for relief under section 1983. Section 1988 allows the court, in its discretion, to award reasonable attorney fees to the prevailing party in an action to enforce a provision of section 1983. We conclude that, as the prevailing party, Mahaney is entitled to his reasonable attorney fees incurred in this appeal. We remand for the trial court to determine the amount of such fees. *See* C.A.R. 39.5.

On remand, if an appropriate motion is filed, the trial court shall decide whether to award Mahaney his reasonable attorney fees incurred in the trial court proceedings. *See Giguere v. SJS Family Enterprises, Ltd.*, 155 P.3d 462, 471 (Colo.App. 2006)("[d]etermining which party is committed to the trial court's discretion").

## V. Conclusion

The trial court's summary judgment for Englewood is reversed, and the case is remanded with instructions that the trial court enter summary judgment for Mahaney, award him reasonable attorney fees incurred in this appeal, and conduct further proceedings, as necessary, consistent with this opinion.

Judge GRAHAM and Judge RICHMAN concur.